UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED BENJAMIN MIMMS,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>                Defendants. | Case No. 17-cv-00507-BAS-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF STANDING AND FOR FAILURE TO STATE A CLAIM** |

      Plaintiff Jared Benjamin Mimms is proceeding *pro se*—without an attorney. He filed a handwritten complaint on March 14, 2017, against the State of California, an individual identified as "Josh," the "In Home Outreach Team," and the County of San Diego. He seeks millions of dollars in damages arising out of an alleged assault and threatened kidnapping. Plaintiff has also filed a motion seeking leave to proceed *in forma pauperis* ("IFP")—without prepaying court fees or costs.

//

//

For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP and **DISMISSES WITHOUT PREJUDICE** his Complaint for lack of standing and for failure to state a claim upon which relief may be granted.

I. **MOTION FOR LEAVE TO PROCEED IFP**

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of

litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is unemployed and receives $337.00 per month in public assistance. (IFP Mot. ¶¶ 1, 2, ECF No. 2.) He does not own an automobile, real estate, or any other significant asset. (*Id.* ¶¶ 4–6.) His savings consist of $50.00 in cash. (*Id.* ¶ 4.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed IFP (ECF No. 2).

## II. SCREENING UNDER 28 U.S.C. § 1915(e)(2)

### A. Legal Standard

A complaint filed by a plaintiff proceeding *in forma pauperis* is subject to screening under 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). This provision requires the court to review the complaint and dismiss the action if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To determine whether the action must be dismissed under the second ground—a failure to state a claim—the court applies "the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).

Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Further, the court has an obligation where the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Id.*

If a *pro se* complaint fails to meet this standard, the court should not dismiss the action "without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " *Rosati*, 791 F.3d at 1039 (quoting *Akhtar*, 698 F.3d at 1212).

### B. Plaintiff's Allegations

Plaintiff alleges Defendant Josh, a representative from Defendant In Home Outreach Team, "assaulted Plaintiff" at a public library on March 9, 2017. (Compl. ¶¶ 2–3, ECF No. 1.) Josh also allegedly texted Plaintiff on March 9, 2017, "threatening to kidnap Plaintiff on March 13, 2017," and to violate his constitutional rights. (*Id.* ¶ 4.)

Plaintiff further alleges California's "Laura's Law presents Plaintiff a clear and constant threat, enabling human traffickers to take away Plaintiff's rights at any time by false testimony and" violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (Compl. ¶¶ 5–7.) He alleges the In Home Outreach Team violated HIPAA by sending his medical information "for the purpose of extort[ing]" him. (*Id.* ¶ 8.) Plaintiff also claims he is a "victim of mental health based slander." (*Id.* ¶ 11.)

Based on the foregoing, Plaintiff seeks an order overruling Laura's Law, $29 million in damages against the County of San Diego, $10 million in damages against the In Home Outreach Team, and $95 million in damages against the State of California. (Compl. § III.)

### C. <u>Analysis</u>

The Court liberally construes Plaintiff's handwritten Complaint as attempting to raise the following: (1) claims under 42 U.S.C. § 1983, (2) a constitutional challenge to California's Laura's Law, (3) a claim under HIPAA, and (4) state law claims. The Court addresses each of these items in turn.

#### 1. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d

1143, 1149 (9th Cir. 2011). "The Supreme Court has explained that '[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." ' " *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

A state is not a "person" under § 1983. *E.g.*, *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993). However, "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). That said, "a municipality may *not* be held liable on a respondeat superior theory for the unconstitutional acts of its employees." *Hopper v. City of Pasco*, 241 F.3d 1067, 1082 (9th Cir. 2001). Instead, a municipality is responsible for a constitutional violation only when an "action [taken] pursuant to [an] official municipal policy of some nature" caused the violation. *Monell*, 436 U.S. at 691. Further, the plaintiff must demonstrate that the policy of the municipality "reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). Thus, "to establish liability for governmental entities under Monell, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (alterations in original) (quoting *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

//
//
//
//

Here, Plaintiff is seeking relief against four Defendants: (1) the State of California, (2) an individual identified as Josh, (3) the In Home Outreach Team, and (4) the County of San Diego. As explained below, Plaintiff does not state a claim under 42 U.S.C. § 1983 against any of these Defendants.

Initially, Plaintiff does not state a claim for relief against the State of California under § 1983. The state is not a "person" under § 1983. *See, e.g.*, *Hale*, 993 F.2d at 1398. Therefore, Plaintiff cannot state a claim for relief against California on this basis. *See id.*

Second, Plaintiff does not plead a claim for relief against Defendant Josh under § 1983. Plaintiff alleges Josh "assaulted" him at a public library. (Compl. ¶¶ 2–3.) Assuming for the sake of argument that Josh's assault was a violation of Plaintiff's constitutional rights, Plaintiff does not allege that Josh was "acting under color of state law." *See Chudacoff*, 649 F.3d at 1149; *see also Florer*, 639 F.3d at 922 (discussing color of state law requirement). Hence, Plaintiff fails to state a claim under § 1983 against Josh.

Third, Plaintiff does not state a claim for relief under § 1983 against the In Home Outreach Team. Plaintiff does not adequately identify what type of entity this Defendant is, such as a corporation or a subdivision of a local government. If the In Home Outreach Team is operated by a corporation or other private entity subject to suit, Plaintiff must identify the entity responsible for operating the team and bring his action against it. Further, because § 1983 requires that the defendant have acted under color of state law, Plaintiff must allege why the private entity's conduct meets this standard. *See Florer*, 639 F.3d at 922. Alternatively, if the In Home Outreach Team is operated by a local government, the proper defendant is the local government that operates the team. Accordingly, because Plaintiff does not adequately identify the In Home Outreach Team and does not allege it acted under color of state law, Plaintiff does not state a claim against this Defendant under § 1983.

Fourth, Plaintiff's Complaint does not raise a claim against the County of San Diego under § 1983. Plaintiff does not allege what constitutional violation forms the basis for his claim against the County or why the County was responsible for any such violation. *See Dougherty*, 654 F.3d at 900. The bare allegation that the County approved California's Laura's Law, which the Court discusses below, is insufficient. Consequently, he fails to state a claim for relief under § 1983 against the County.

In sum, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983 against any of the four Defendants.

### 2. California's Laura's Law

Plaintiff appears to seek to contest the constitutionality of California's Laura's Law, Cal. Welf. & Inst. Code §§ 5345–5349.5. (*See* Compl. ¶¶ 5–7, § III.) This law establishes a framework for court-ordered community-based mental health treatment. *See* Cal. Welf. & Inst. Code §§ 5346, 5348. If a county provides the appropriate outpatient services, a court may order the services be provided to a person if a series of requirements are satisfied. *Id.* § 5346(a). These requirements include that "[t]he person is suffering from a mental illness" and a clinician has determined "the person is unlikely to survive safely in the community without supervision." *Id.*

However, to challenge Laura's Law, Plaintiff must have standing. "Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.' " *Clapper v. Amnesty Int'l USA*, --- U.S. ---, 133 S. Ct. 1138, 1146 (2013). The case or controversy requirement demands that a plaintiff have standing. *See id.*; *see also Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540, 1547 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). To establish standing, a plaintiff must demonstrate three elements: (1) a "concrete, particularized, and actual or imminent" injury that is (2) "fairly traceable to the challenged action" and (3) "redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).

"The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo*, 136 S. Ct. at 1547. "Where . . . a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Here, Plaintiff's allegations do not demonstrate he has standing to challenge Laura's Law. In particular, Plaintiff has not alleged a concrete injury in fact. To do so, Plaintiff must show he has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff alleges Laura's Law presents a "clear and constant threat" to him, but he does not allege sufficient facts to allow the Court to conclude he has suffered an actual injury—or will imminently suffer such an injury—due to the state law. Thus, the Court dismisses this claim for lack of standing. *See id.*[1]

### 3. HIPAA

Plaintiff claims the In Home Outreach Team violated HIPAA. (Compl. ¶ 8.) However, to the extent that Plaintiff attempts to state a cause of action under HIPAA, he cannot do so. A "[r]eview of HIPAA's enforcement provisions reveals no congressional intent to create a private right or remedy. In fact, HIPAA appears to specifically limit enforcement actions to be brought only by the respective states or the Secretary of Health and Human Services." *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F. Supp. 2d 1176, 1180 (D. Wyo. 2001). Thus, because HIPAA

---

[1] The Court further finds it appropriate to dismiss this claim for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Assuming Plaintiff seeks to challenge Laura's Law on due process grounds, he does not allege how the law is violative of due process. *See, e.g.*, *Doe v. Gallinot*, 657 F.2d 1017, 1021–24 (9th Cir. 1981) (discussing due process challenge to state statute providing for involuntary commitment of persons alleged to be gravely disabled due to a mental illness). Thus, his challenge to Laura's Law is subject to dismissal on this basis as well.

does not provide Plaintiff with a private right of action, he cannot state a plausible claim on this basis. *See id.* at 1180–81.

### 4. State Law Claims

The Court has determined Plaintiff's potential federal claims are subject to dismissal. Under 28 U.S.C. § 1367, the Court may "decline to exercise supplemental jurisdiction" over Plaintiff's remaining state law claims if it "has dismissed all claims over which it has original jurisdiction." *See also, e.g.*, *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Because Plaintiff's potential federal claims will be dismissed, the Court declines to exercise supplemental jurisdiction over any state law claims raised by Plaintiff's Complaint, including assault and slander. (*See* Compl. ¶¶ 2, 11.) Accordingly, the Court dismisses these claims without prejudice. *See* 28 U.S.C. § 1367(c).

## III. CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2). Further, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's action for lack of standing and for failure to state a claim upon which relief may be granted. Specifically, the Court construes Plaintiff's Complaint as seeking to raise claims under 42 U.S.C. § 1983, but he fails to state a claim for relief under this statute against any of the four Defendants. In addition, Plaintiff does not plead sufficient facts to demonstrate he has standing to challenge California's Laura's Law. Plaintiff also fails to state a claim under HIPAA because HIPAA does not provide a private cause of action. Finally, because Plaintiff's potential federal claims are being dismissed, the Court declines to exercise

supplemental jurisdiction over any state law claims raised by Plaintiff's Complaint. If Plaintiff can correct the deficiencies identified in his Complaint, he may file a First Amended Complaint no later than April 25, 2017.

**IT IS SO ORDERED.**

DATED: April 11, 2017

Hon. Cynthia Bashant
United States District Judge