# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED BENJAMIN MIMMS, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF CALIFORNIA, *et al.*, <br><br> Defendants. | Case No. 17-cv-00507-BAS-KSC <br><br> **ORDER DISMISSING ACTION AS FRIVOLOUS UNDER 28 U.S.C. 1915(e)** |

Plaintiff Jared Benjamin Mimms is proceeding *pro se*—without an attorney. Previously, the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP")—without prepaying court fees or costs—but dismissed his Complaint without prejudice for lack of standing and for failure to state a claim. (ECF No. 3.) *See* 28 U.S.C. § 1915(e)(2). The Court liberally construed Plaintiff's Complaint as attempting to raise (1) claims under 42 U.S.C. § 1983, (2) a constitutional challenge to California's Laura's Law, (3) a claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and (4) state law claims. (*Id.* 5:14–17.) The Court then explained why Plaintiff had not stated a claim under the first three items.

(*Id.* 5:19–10:2.) Afterwards, the Court dismissed any state law claims raised by the Complaint because it had already determined Plaintiff's potential federal claims were subject to dismissal. (*Id.* 10:4–16.) That said, the Court provided Plaintiff with leave to amend his Complaint. (*Id.* 11:2–3.)

Plaintiff has now filed a First Amended Complaint ("FAC"). (ECF No. 5.) The Court will not quote Plaintiff's new allegations here. In short, they are fantastical. They run the gamut from statements regarding eugenics, Adolf Hitler, the California independence movement nicknamed "Calexit," Arnold Schwarzenegger, Peter Thiel, psychotropic medications, and the assassination of John F. Kennedy. (*Id.* 1:18–4:7.) Based on these allegations, Plaintiff seeks $150 million in damages "to solve the eugenics problem" (*Id.* 4:9–10.)

Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)). This standard grants the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Consequently, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. These outlandish claims are those "with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. Thus, district courts

have dismissed as frivolous an assortment of complaints containing clearly baseless factual allegations. *See, e.g.*, *Frost v. Vasan*, No. 16-cv-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (secret conspiracy involving a U.S. Senator, a university, and the CIA); *Suess v. Obama*, No. CV 17-01184-JAK (DTB), 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (conspiracy involving former President Barack Obama, the CIA, and the FBI); *Demos v. United States*, 2010 WL 4007527, at *2 (D. Ore. Oct. 8, 2010) (kidnapping involving law enforcement officers disguised as pirates).

Here, having reviewed the allegations in Plaintiff's FAC, the Court concludes they are fantastical and clearly baseless. Thus, the Court will dismiss Plaintiff's FAC as frivolous. *See Neitzke*, 490 U.S. at 325; *see also* 28 U.S.C. § 1915(e)(2)(B)(i); *DeRock v. Sprint-Nextel*, 603 F. App'x 556, 558 (9th Cir. 2015) (affirming dismissal of nine actions as either frivolous or failing to state a claim because the plaintiff alleged "unsupported legal conclusions and fanciful factual allegations"). In addition, because the FAC is frivolous, the Court does not grant Plaintiff leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").[1]

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Complaint (ECF No. 5) as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS SO ORDERED.**

DATED: June 30, 2017

Hon. Cynthia Bashant
United States District Judge

---

[1] Leave to amend is particularly not appropriate here because the Court already afforded Plaintiff an opportunity to amend his Complaint and plead viable claims, but Plaintiff responded to the Court's guidance by filing a pleading that is replete with fantastical allegations.